**Filed 5/29/96**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LISA ROBERTSON,

        Plaintiff - Appellant,

        v.

IBP, INC.,

        Defendant - Appellee.

No. 95-3242

D. Kansas

(D.C. No. 94-2047-GTV)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

Lisa Robertson appeals from an adverse summary judgment, dismissal of her retaliatory discharge action against IBP, Inc., and denial of her motion to amend judgment

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

or, alternatively, for a new trial. She contends, among other things, that there are genuine issues of material fact, and that the district court erroneously applied a clear and convincing evidence standard at the summary judgment stage of the proceedings. She argues that these errors deprived her of her constitutional right to a jury trial. She also contends that the district court improperly disregarded evidence proffered in her motion to alter or amend the judgment or for a new trial.

Upon consideration of the record and the briefs of the parties, we conclude that the district court did not err. In particular, the district court did not err in applying the evidentiary standard announced by the Kansas Supreme Court in Ortega v. IBP, Inc., 255 Kan. 513, 528, 874 P.2d 1188 (1994) at the summary judgment stage. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). Nor did the district court err in its interpretation of that standard. It follows that when a case is not submissible to a jury, there is no denial of the right to a jury trial.

We AFFIRM the district court substantially for the reasons set out in its thorough orders dated March 27, 1995, and June 29, 1995.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge